IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


CHARLES PATRICK COSGROVE,

                              Plaintiff,

            v.                                CASE NO. 07-2125-SAC

KANSAS DEPARTMENT OF SOCIAL AND
REHABILITATION SERVICES, et al.,

                              Defendants.



O R D E R


        Plaintiff proceeds pro se on a complaint filed under 42 U.S.C.
§ 1983 against the Kansas Department of Social and Rehabilitation
Services (SRS), Donna Whiteman, Michael Vanlandingham, Lois
Mitchell, and Sydney Kraft (collectively referred to hereafter as
the "SRS Defendants"); and Alberta and Delmar Brumley (referred to
hereafter as the "Brumleys").[1]

        Before the court are motions to dismiss filed by both the SRS
defendants and the Brumleys.  Having reviewed the record which
includes plaintiff's response to each motion, replies by each of the
two sets of defendants, and plaintiff's surreply thereto, the court
grants defendants' motions.

───────────────

        [1]Plaintiff's renewed requests for reassignment of this action
back to the Honorable Judge John W. Lungstrum (Docs. 28 and 33) are
denied.  The court finds nothing new is presented that warrants any
modification of its previous denial of this request in orders
entered on October 30, 2007, and January 4, 2008.

*Background*

Plaintiff seeks damages for alleged abuse and neglect he suffered from early 1984 through October 1992 while he was a foster child placed in the Brumleys' home.  The record establishes similar to near identical complaints previously filed by plaintiff.

On November 1, 2004, plaintiff filed a complaint in the District of Kansas (Case No. 04-3398-SAC) against the same defendants named in the instant action, and alleging essentially the same facts.  This court summarily dismissed that complaint, finding plaintiff's claims were time barred and thus stated no claim upon which relief could be granted under 42 U.S.C. § 1983.  The Tenth Circuit Court of Appeals reversed that decision and remanded the matter to this court, finding the record was too limited to conclude whether plaintiff might timely prosecute his claims under the childhood sexual abuse statute of limitations in K.S.A. 60-523(a). On remand, this court granted plaintiff an opportunity to amend the complaint to cure identified deficiencies.  When plaintiff failed to do so, the court dismissed plaintiff's claims against the SRS defendants as stating no claim for relief and as seeking monetary relief from a party immune from such relief, and dismissed without prejudice plaintiff's claims against the Brumleys.  Plaintiff filed no appeal from that final order.

Meanwhile on November 5, 2004, plaintiff filed a petition in Johnson County District Court (Case No. 04-8393) which mirrored his federal complaint.  The Johnson County district court judge granted defendants' uncontested motions to dismiss, and dismissed

2

plaintiff's action with prejudice finding plaintiff's claims were barred by the applicable statutes of limitations and statute of repose.  Plaintiff filed an appeal which was dismissed because plaintiff failed to docket his appeal in the state appellate court.

More than five months after his federal complaint was dismissed, plaintiff filed the instant action on March 21, 2007, and now adds a claim that he was sexually abused while at the Brumleys.

*Motions to Dismiss the Complaint as Time Barred*

Both the SRS defendants and the Brumleys seek dismissal of the complaint, in part, as not filed within any applicable statute of limitations.[2]

*Standard of Review*

The Federal Rules of Procedure authorize dismissal of a complaint that fails to state a claim upon which relief may be

---

[2]The SRS defendants also seek dismissal of all claims against SRS and against the individual SRS defendants in their official capacity because the Eleventh Amendment protects a state agency from suit in federal court, and state officials acting within their official capacity are not "persons" within the meaning of 42 U.S.C. § 1983.  *See* Quern v. Jordan, 440 U.S. 332, 341 (1979); Will v. Michigan Department of State Police, 491 U.S. 58 (1989).

The SRS defendants also maintain the complaint asserts no cognizable deprivation of plaintiff's rights under federal law for the purpose of stating a claim for relief under 42 U.S.C. § 1983. *See* Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970)(to allege a valid claim under 42 U.S.C. § 1983, a plaintiff must assert the denial of a right, privilege or immunity secured by federal law).

The SRS defendants and Brumleys further claim the doctrines of res judicata and collateral estoppel bar plaintiff's relitigation of claims that were dismissed with prejudice in plaintiff's prior federal and state court actions. *See* Allen v. McCurry, 449 U.S. 90, 94 (1980)(doctrine of res judicata precludes relitigation of claims that were, or could have been, litigated in a prior action).

Because the court finds the complaint is clearly time barred, it does not address these alternative grounds for dismissal.

granted.  Fed.R.Civ.P. 12(b)(6).  In reviewing a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are to be accepted as true and must be construed in the light most favorable to the plaintiff.  Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197 (2007).  The court is to  examine the complaint to determine if specific allegations plausibly support a legal claim for relief.  Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007)(quotation omitted).  "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief about the speculative level.'"  Id. (quoting Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007)).


Discussion

State law determines the applicable statute of limitations and accompanying tolling provisions for actions filed under 42 U.S.C. § 1983.  Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995).  Under K.S.A. 60-513(a)(4), the time to bring an action for "injury to the rights of another, not arising on contract" is two years.  See Baker v. Board of Regents of State of Kan., 991 F.2d 628, 630-31 (10th Cir. 1993)(two-year statute of limitations in K.S.A. 60-513(a)(4) applies to civil rights actions brought pursuant to 42 U.S.C. § 1983).  The state statute further provides that "in no event shall such an action be commenced more than ten years beyond the time of the act giving rise to the cause of action."  K.S.A. 60-513(b).  To the extent plaintiff seeks relief on acts alleged to have occurred

4

before November 1, 1997, when he turned eighteen years old, K.S.A. 60-515 entitled him to bring an action within one year of no longer being under the legal disability of being a minor, but still required him to commence his action within "eight years after the time of the act giving rise to the cause of action."  K.S.A. 60-515(a).

As defendants correctly note, and as plaintiff appears to readily acknowledge, plaintiff's filing of the instant complaint in March 2007 does not satisfy any of these limitation periods.

At issue is plaintiff's reliance on K.S.A. 60-523, which relevant to plaintiff's recent allegations of sexual abuse allows plaintiff to file his action within three years "from the date he discovers or reasonably should have discovered that the injury or illness was caused by childhood sexual abuse."  K.S.A. 60-523(a).[3]

Federal law determines the accrual of section 1983 claims.

---

[3]The state statute defines "childhood sexual abuse" as including "any act committed against the person which act occurred when the person was under the age of 18 years and which act would have been a violation of any of the following:
> (A) Indecent liberties with a child as defined in K.S.A. 21-3503 and amendments thereto; (B) aggravated indecent liberties with a child as defined in K.S.A. 21-3504 and amendments thereto; (C) aggravated criminal sodomy as defined in K.S.A. 21-3506 and amendments thereto; (D) enticement of a child as defined in K.S.A. 21-3509 and amendments thereto; (E) indecent solicitation of a child as defined in K.S.A. 21-3510 and amendments thereto; (F) aggravated indecent solicitation of a child as defined in K.S.A. 21-3511 and amendments thereto; (G) sexual exploitation of a child as defined in K.S.A. 21-3516 and amendments thereto; or (H) aggravated incest as defined in K.S.A. 21-3603 and amendments thereto; or any prior laws of this state of similar effect at the time the act was committed."  K.S.A. 60-523(b)(2).

Baker, 991 F.2d at 632. A civil rights action accrues when facts that would support a cause of action are or should be apparent. Fratus, 49 F.3d at 67 (*citations and quotation omitted*).

Plaintiff primarily contends this action alleging sexual abuse is filed within the three year provided under K.S.A. 60-523(a) because he did not discover until an August 2004 conversation with another federal inmate that the alleged sexual abuse of him by the Brumleys caused him harm. Plaintiff also refers to being under a mental and educational disability while in prison, and argues his failure to allege sexual abuse earlier, including in his prior federal and state complaints, was due to his pro se status and not wanting to assert highly embarrassing facts about such abuse.

The court finds this is wholly insufficient to establish any plausible factual basis for finding a cause of action on plaintiff's allegations did not accrue until August 2004. And as defendants point out, plaintiff's allegations that SRS defendants ignored complaints of harm and abuse he made while in the Brumleys' home clearly undermine his contention that he was not aware of injuries sustained from this alleged sexual abuse until 2004.

Plaintiff also argues his complaint is timely filed because there was a "continuing wrong" dating back to alleged misconduct by SRS defendants in the termination of the parental rights of plaintiff's parents and their failure to supervise Brumleys' foster care, and continuing through alleged current misconduct against plaintiff by Bureau of Prisons' staff. However, the Tenth Circuit has not yet applied the continuing violations doctrine to a § 1983

6

claim.  *See* <u>Hunt v. Bennett</u>, 17 F.3d 1263, 1266 (10th Cir. 1994) (declining to determine if continuing violations doctrines applies to § 1983 suits).  *See also* <u>Ratts v. Bd. of County Comm'rs, Harvey, KS</u>, 141 F.Supp.2d 1289, 1313 (D.Kan. 2001)(declining to apply the doctrine to § 1983 claim).

Even so, the continuing violation doctrine permits a court to look backwards to the entirety of a continuing wrong to assess its cumulative effect, as  long as an injurious act falls within the statute of limitations period.  *See* <u>Tiberi v. Cigna Corp.</u>, 89 F.3d 1423, 1430-31 (10th Cir. 1996).  In the present case, plaintiff alleges no injurious act by any of the named defendants during the two year period before he filed his complaint.[4]  *See also* K.S.A. 60-523(c)("Discovery that the injury or illness was caused by childhood sexual abuse shall not be deemed to have occurred solely by virtue of the person's awareness, knowledge or memory of the acts of abuse. The person need not establish which act in a series of continuing sexual abuse incidents caused the injury or illness complained of, but may compute the date of discovery from the date of discovery of the last act by the same perpetrator which is a part of a common scheme or plan of sexual abuse.").

---

[4]Similarly, in his latest responsive pleading plaintiff also states that defendants conspired to withhold information about abuse in Brumleys' home and the termination of his parents' parental rights.  Plaintiff cites an August 2006 hearing in his Johnson County case for his discovery of new evidence of this fraudulent concealment.  However, plaintiff's allegations do not involve a cause of action for fraud against any defendant, and the partial transcript provided of that state court hearing offers no legal or factual support for plaintiff's argument for any tolling under a continuing wrong doctrine.

To the extent plaintiff refers to his incarceration and mental state as disabilities that impact the running of a statutory limitations period, the pleadings prepared by plaintiff for filing in this action clearly do not support any finding that plaintiff has been or is currently under a continuing disability that prevented him from seeking relief on his claims in a timely manner. *See* K.S.A. 60-515(a)("if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability").

### Conclusion

The court thus concludes the complaint should be dismissed because plaintiff claims against all defendants are time barred.

IT IS THEREFORE ORDERED that plaintiff's renewed motion for reassignment of the case to a different judge (Doc. 28) is denied.

IT IS FURTHER ORDERED that defendants' motions to dismiss the complaint (Docs. 6 and 10) are granted, and the complaint is dismissed as time barred.

DATED:  This 19th day of March 2008 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge